IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN RODRIGUEZ<br>7615 St. Martins Lane<br>Philadelphia, PA 19118<br>               Plaintiff,<br>vs.<br><br>THE UNIVERSITY OF THE ARTS<br>320 S. Broad Street<br>Philadelphia, PA 19102<br><br>and<br><br>RANDE BLANKE<br>320 S. Broad Street<br>Philadelphia, PA 19102<br><br>and<br><br>BARBARA SUPPLEE<br>320 S. Broad Street<br>Philadelphia, PA 19102<br>               Defendant | CIVIL ACTION NO. _____ |

## CIVIL ACTION – COMPLAINT

Plaintiff, Susan Rodriguez ("Plaintiff"), brings this action against Defendant, The University of the Arts., for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621, *et. seq.*, the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et. seq.* ("PHRA"), and Title VII of the 1964 Civil Rights Act, 42 U.S.C.A. 2000e-2 *et. seq.* Plaintiff also brings this action against Defendants Rande Blanke and Barbara Supplee for tortious interference of a contractual relation. Plaintiff alleges and avers:

1

**PARTIES**

1. Plaintiff, Susan Rodriguez, is a seventy-two (72) year old adult Caucasian female individual who currently resides at the above referenced address and at all times relevant was an employee of Defendant, The University of the Arts, and married to Costa Rodriguez, an adult American male individual with Hispanic and/or Cuban ethnicity and descent.

2. Defendant, The University of the Arts ("UA") is a non-profit academic institution established in 1876 and one of the only Universities dedicated solely to educating students in the visual and performing arts and design. Defendant UA duly exists under the laws of the Commonwealth of Pennsylvania and has approximately 200 employees.

3. Defendant Rande Blanke, is an adult female individual who at all times relevant was an employee of Defendant UA, but not a party to any contract between Plaintiff Rodriguez and Defendant UA.

4. Defendant Barbara Supplee, is an adult female individual who at all times relevant was an employee of Defendant UA, but not a party to any contract between Plaintiff Rodriguez and Defendant UA.

5. At all times relevant, Defendant, UA, agreed, accepted, adopted, acquiesced, and was otherwise bound by the actions, omissions, and conduct of its owners, officers, managers, employees, and agents including Rande Blanke and Barbara Supplee.

**JURISDICTION AND VENUE**

6. Subject matter jurisdiction for Plaintiff's claims under the ADEA and Title VII are proper under Federal Question Jurisdiction, 28 U.S.C.A. § 1331 and jurisdiction for Plaintiff's claims of violations of PHRA are for tortious interference with a contractual relation are also proper under Supplemental Jurisdiction, 28 U.S.C.A. § 1367.

7. Venue is proper before the United States District Court for the Eastern District of Pennsylvania as Defendant resides, is a citizen, and regularly conducts business in the Eastern District of Pennsylvania. Additionally, all actions and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

8. Plaintiff administratively exhausted all of her claims for age and associated race discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission and received a Notice of Right to Sue. See Exhibit "A".

## FACTS

9. Plaintiff, Susan Rodriguez, began teaching at Defendant UA on January 1, 1983 and taught continuously up to her last class on December 20, 2014, before she received an email June 24, 2015 informing her that due to low enrollment she would not be needed for the Fall 2015 semester. Plaintiff Rodriguez has not returned to teach for Defendant UA.

10. Plaintiff Rodriguez was a Full Adjunct Professor and earned approximately $80 an hour and had earned the "Professor" title, which is a title not held by most adjuncts.

11. There is no Union for faculty at Defendant UA.

12. Plaintiff Rodriguez's course load and material responsibilities for Defendant UA began diminishing significantly around 2011 when Rande Blanke (Caucasian female approximately 55 years of age) became Interim Manager for Defendant UA, and Plaintiff Rodriguez's annual earnings reduced from $56,639.28 a year (2010) to $49,890.68 (2011); $35,837.51 (2012); $21,407.60 (2013); $13,627.32 (2014); and, noting (2015).

13. During this timeframe the courses Plaintiff Rodriguez taught, "Elementary Methods and Program Design" and "Art and Inclusion", as well as Plaintiff Rodriguez's Admissions duties, were removed and transferred to Ms. Blanke.

14. On February 6, 2015 Plaintiff Rodriguez made an official written grievance to Defendant UA's Human Resources department about having lost her courses and material job responsibilities to Ms. Blanke, and raised the specter of age discrimination.

15. The first phase of the Grievance process at Defendant UA is a meeting with the Dean of Faculty, who was Mark Campbell at the time.

16. During the Step One meeting, Plaintiff Rodriguez called Defendant UA's actions age discrimination and ethnic discrimination, to which Mr. Campbell replied, "you have to prove that."

17. Plaintiff Rodriguez discontinued her grievance at Step Two due to the hostilities of Mr. Campbell during the Step One meeting.

18. Additionally, around this time, Dr. Anita Levy of the American Association of University Professors sent a letter to Defendant UA in support of Plaintiff Rodriguez for the above mistreatment, but nothing was done.

19. After her complaint/grievance, Plaintiff Rodriguez began observing further disparate treatment and retaliation including having a conversation cut short by Ms. Blanke who said she was not to speak with Plaintiff Rodriguez.

20. Senior Management ignored and ostracized Plaintiff Rodriguez.

21. In 2013 and 2014, Defendants Blanke and Barbara Supplee, who were student advisors for Defendant UA, intentionally, purposefully, and willfully discouraged students from taking Plaintiff's "Multicultural Learning Through the Arts" course by encouraging the students to take similar Liberal Arts classes instead, in an effort to lower Plaintiff Rodriguez's enrollment.

22. At the time Plaintiff was informed she would not be needed for the Fall 2015 semester, enrollment had not closed and would not for several months.

23. Plaintiff Rodriguez's multicultural course was removed from the curriculum.

24. It is alleged and believed associated race discrimination motivated Plaintiff's reduction of material job responsibilities and involuntary separation from employment.

25. At all times, Plaintiff Rodriguez was qualified for the position of Full Adjunct Professor.

26. At all times, Ms. Blanke was less qualified, less experienced, and less knowledgeable than Plaintiff Rodriguez in teaching the courses and working for Defendant UA.

27. Alternatively, the person(s) to whom Plaintiff's job responsibilities were distributed were sufficiently younger, outside Plaintiff's protected class, and less qualified and less experienced.

28. Plaintiff Rodriguez was reduced, removed, and involuntarily separated from employment as a result of age discrimination and/or associated race discrimination.

29. Plaintiff was treated less favorably than younger employees.

30. Plaintiff Rodriguez was treated less favorably than employees not associated as Hispanic.

31. Plaintiff Rodriguez was retaliated against for having made complaints of age and race discrimination.

32. Defendant UA violated its own rules, policies, and procedures in elevating Ms. Blanke's status, and diminishing and replacing Plaintiff Rodriguez.

33. Plaintiff was the only professor removed from Defendant UA in the Fall of 2015.

34. Other adjunct professors in the same department, Diane Hricko and Paul Odorno, kept their jobs.

35. Defendant UA's reasoning for its actions is pre-text.

36. Defendant UA sought to replace a highly paid adjunct professor.

37. Plaintiff Rodriguez earned more money on an hourly basis than other adjunct professors and replacing her was financially advantageous.

38. There are very few Hispanic faculty and/or faculty associated as Hispanic, at Defendant UA.

39. At all times, Defendant UA knew and considered Plaintiff Rodriguez's association with Costa Rodriguez and further took into consideration Plaintiff Rodriguez's course in multicultural learning as well as her books and publications about multicultural learning, when taking actions against Plaintiff Rodriguez.

40. Plaintiff Rodriguez does not have a copies of the agreement and/or contracts entered between her and Defendant UA but submits that the contract(s) contained language that Plaintiff Rodriguez's employment was contingent upon enrollment.

41. Moreover, Plaintiff Rodriguez submits she had a tacit or implied agreement, or other understanding and expectation for continued employment from semester to semester with Defendant UA as a result of her thirty (30) years of service.

**COUNT ONE**
**Age Discrimination – Discrimination / Disparate Treatment**
*Age Discrimination in Employment, 29 USCA §621 et. seq.*
<u>**Plaintiff v. Defendant UA**</u>

42. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

43. Defendant UA, is an employer under the ADEA because it is a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

44. Plaintiff is protected under the ADEA as she is over the age of forty.

45. At all times, Plaintiff was qualified for the positions she worked for Defendant UA.

46. Plaintiff suffered an adverse employment action and/or disparate treatment when she was reduced in hours and earnings, when her material responsibilities were removed, and when she was ultimately removed from employment and had her courses discontinued.

47. Plaintiff was replaced by a sufficiently or substantially younger employee.

48. The determinate factor in Plaintiff's separation from employment and her replacement was Plaintiff's age.

49. As a direct and proximate result of Defendant UA's discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

50. Defendant UA's violation of the law was willful and thus Plaintiff is entitled to liquidated damages in the amount of double her lost wages and benefits.

**WHEREFORE,** Plaintiff, Susan Rodriguez, demands relief from Defendant, The University of the Arts, in the form of compensatory damages, liquidated damages, nominal damages, and all other damages and relief deemed just and proper by the Court.

## COUNT TWO
### Age Discrimination – Retaliation
*Age Discrimination in Employment, 29 USCA §621 et. seq.*
**Plaintiff v. Defendant UA**

51.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

52.     Plaintiff was retaliated against for having made a formal complaint of age discrimination.

53.     Plaintiff's students were discouraged from taking her courses, her courses were taken, and she was separated from employment as a retaliation.

54.     The adverse actions in retaliation was/were temporally proximate to Plaintiff's complaint/grievance to infer retaliation and/or sufficient evidence exists to support causal relationship between the adverse action and the complaint/grievance.

55.     As a direct and proximate result of Defendant UA's retaliation, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

56.     Defendant UA's violation of the law was willful and thus Plaintiff is entitled to liquidated damages in the amount of double her lost wages and benefits.

**WHEREFORE**, Plaintiff, Susan Rodriguez, demands relief from Defendant, The University of the Arts, in the form of compensatory damages, liquidated damages, nominal damages, and all other damages and relief deemed just and proper by the Court.

**COUNT THREE**
**Age Discrimination and Retaliation**
*Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 et. seq.*
<u>**Plaintiff v. Defendant**</u>

57. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

58. Defendant UA is an employer under the PHRA because it employs four or more persons within the Commonwealth. 43 P.S. § 954(b).

59. Plaintiff is an employee under the PHRA pursuant to 43 P.S. § 954(c).

60. Plaintiff was seventy-one (71) years of age at the time of her separation from employment.

61. Defendant UA's forgoing actions were a direct result of, and were motivated by, unlawful discrimination on the part of Defendant UA in that Defendant discriminated against and/or demoted Plaintiff based on her age. This conduct is in violation of the PHRA, 43 P.S. § 953, *et. seq.*

62. As a direct and proximate result of the unlawful and discriminatory conduct on the part of the Defendant UA, Plaintiff suffered damages including economic damages, personal hardship, physical and emotional distress, severe emotional trauma, and anxiety caused by this employment controversy.

WHEREFORE, Plaintiff, Susan Rodriguez, demands judgment, in an amount to be determined, as follows: (a) compensatory damages; (b) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (c) costs and attorney's fees; (d) an order declaring the Defendant has violated the

PHRA and requiring it/them to take appropriate corrective action to discrimination in the work place; and (e) for any other relief as the Court may deem equitable and just.

## COUNT FOUR
### Associated Race Discrimination
### Title VII of the 1964 Civil Rights Act – 42 U.S.C.A. 2000e-2 *et. seq.*
### Plaintiff v. Defendant

63. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

64. Plaintiff is associated as Hispanic due to her marital relation with Cost Rodriguez.

65. Defendant is an employer under Title VII of the Civil Rights Act of 1964 because it is a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

66. Plaintiff is protected by Title VII of the Civil Rights Act of 1964 as an employee.

67. Plaintiff is protected by law and entitled to free, equal, and merit based employment.

68. Plaintiff was more qualified and/or equally qualified as other employees.

69. The decision to reduce Plaintiff's work responsibilities, separate her from employment, discourage employees from taking courses, and remove Plaintiff's course on multicultural studies were motivated by race discrimination and associated race discrimination.

70. As a direct, reasonable, and proximate result of Defendant's discrimination, Plaintiff has suffered wage loss, loss of benefits, loss of amenities of employment.

71. As a direct, reasonable, and proximate result of Defendant's discrimination, Plaintiff has suffered pain and suffering, mental anguish, embarrassment, loss of reputation, and loss of life's pleasures, and similar harms all of significant quality and nature and all to

Plaintiff's great detriment.

72. Defendant's actions were willful, wanton, intentional, and thus warrant the imposition of punitive damages.

73. Defendant's discrimination is reprehensible and thus equitable relief in the form of diversity sensitivity training.

74. Defendant's mixed motive in its action warrants relief including payment of attorney's fees, declaratory judgment, and other such relief provided for under law.

WHEREFORE, Plaintiff, Susan Rodriguez, demands judgment, in an amount to be determined, as follows: (a) compensatory damages; (b) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (c) costs and attorney's fees; (d) an order declaring the Defendant has violated the PHRA and requiring it/them to take appropriate corrective action to discrimination in the work place; and (e) for any other relief as the Court may deem equitable and just.

## COUNT FIVE
### Tortious Interference with Contractual Relation
### Plaintiff v. Defendant Blanke and Defendant Supplee

75. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

76. Defendants Blanke and Supplee were at all times relevant aware of Plaintiff's contractual relation with Defendant UA.

77. At all times, Defendants Blanke, and Supplee knew and were aware that a low enrollment for courses taught by Plaintiff could result in harm to her contract and continued employment.

78. Defendants Blanke, and Supplee tortuously defamed, misrepresented, injurious falsefhood, and/or otherwise unjustifiably discouraged students from taking Plaintiff's courses in an effort to reduce enrollment.

79. At all times, the foregoing actions were wrongful and tortious and done with the intent to harm Plaintiff.

80. Defendant Blanke and Supplee's actions were done with the intent to cause interference.

81. As a direct and proximate result of Defendants actions, Plaintiff's courses had lower enrollment and Plaintiff's contractual relation(s) with Defendant UA were harmed.

82. As a direct, reasonable, and proximate result of Defendants' discrimination, Plaintiff has suffered economic damages, pain and suffering, mental anguish, embarrassment, loss of reputation, and loss of life's pleasures, and similar harms all of significant quality and nature and all to Plaintiff's great detriment.

83. Defendants' actions were willful, wanton, intentional, and thus warrant the imposition of punitive damages.

WHEREFORE, Plaintiff Susan Rodriguez, hereby demands relief in the form of economic damages, non-economic damage, punitive damages, and other such relief as deemed necessary by the Court.

KRAEMER MANES & ASSOCIATES, LLC

CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Kraemer Manes & Associates, LLC
1150 1st Avenue, Suite 501
King of Prussia, PA 19406
T: 610-844-1779
Fax: 610-646-7436
Email: cd@lawkm.com

Date: 11/21/2016

# Exhibit A

EEOC Form 161-B (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Susan Rodriguez<br>7615 St. Martins Land<br>Philadelphia, PA 19118 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00498 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_   8/23/16

Spencer H. Lewis, Jr.,   (Date Mailed)
District Director

Enclosures(s)

cc: **THE UNIVERSITY OF THE ARTS**

Jennifer Edwards, Human Resources Director (for Respondent)

Christopher J. Delgaizo, Esq. (for Charging Party)